**In re Lancelot HUNT and Faith Hunt, Debtors.**

**Bankruptcy No. 90–51629.**

United States Bankruptcy Court, D. Connecticut.

June 5, 1992.

Thomas V. Battaglia, Jr., Law Offices of Louis C. Zowine, Bridgeport, Conn., for debtors.

Molly T. Whiton, Law Offices of Thomas W. Witherspoon, Jr., Farmington, Conn., for Citicorp Mortg., Inc.

Gilbert L. Rosenbaum, Hartford, Conn., Chapter 13 Trustee.

### MODIFIED ORDER ON CONFIRMATION OF CHAPTER 13 PLAN

ALAN H.W. SHIFF, Bankruptcy Judge.

Citicorp Mortgage, Inc. objects to the confirmation of the debtors' Second

Amended Chapter 13 Plan for the reason that it fails to include post-petition, pre-confirmation installment payments in the cure of a pre-petition default. For the reasons that follow, Citicorp's objection is overruled and the Second Amended Chapter 13 Plan is confirmed.

### 1.

1. Prior to August 29, 1990, the debtors borrowed $205,000.00 from Citicorp and gave that lender a promissory note which was secured only by a first mortgage on their principal residence. After the debtors defaulted, Citicorp exercised its right to accelerate the note, so that the entire principal balance was due, and commenced a foreclosure proceeding in the Superior Court of the State of Connecticut.

2. On August 29, 1990, the debtors' filed a chapter 7 petition which was converted to chapter 13 on March 4, 1991.

3. On May 17, 1991, Citicorp filed a proof of claim as a secured creditor and listed the pre-petition arrearage as the amount of its allowed secured claim.[1] *See* §§ 501, 502.

4. On July 11, 1991, the debtors filed a Second Amended Chapter 13 Plan (the "Plan") which proposes to pay the pre-petition mortgage arrearage as the allowed amount of Citicorp's secured claim. *See* Plan ¶ 2.b.(1). The Plan further provides that Citicorp's first mortgage will be paid "outside of the Plan at the monthly rate in accordance with the debtor's note." *See* Plan ¶ 2.c.

5. Citicorp filed an objection to confirmation, asserting that

Paragraph 2(b)(1) of the plan provides for the payment of a mortgage arrearage of $9,594.66 to Citicorp Mortgage. However, since the date of filing, the Debtors

have failed to make two of the three post-petition payments which have become due. Accordingly, the plan should provide for the curing of the default in the amount of $14,254.30 on the first mortgage under 11 U.S.C. § 1322(b)(3), (5).[2]

### 2.

Code § 1322(b) provides:

... the plan may—

.    .    .    .    .

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence ...;

(3) provide for the curing ... of any default;

.    .    .    .    .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any ... secured claim on which the last payment is due after the date on which the final payment under the plan is due; ...

Under chapter 13, a debtor is obligated to file a plan. *See* § 1321. The Bankruptcy Code states that the plan *shall* satisfy certain requirements, *see* § 1322(a), and *may* contain other provisions, *see* § 1322(b). Thus, with the exception of a limitation under § 1322(b)(2) on the modification of the rights of certain holders of secured claims, which is itself circumscribed by subsection (b)(5), and a time limitation for payments, *see* § 1322(c), a debtor is given wide latitude in proposing a plan.

---

**1.** Pursuant to the debtor's motion under § 506(a) and (d), an order entered on June 27, 1991, bifurcating Citicorp's claim and voiding Citicorp's mortgage to the extent that it exceeded the value of the debtors' residence. *See In re Bellamy,* 122 B.R. 856 (Bankr.D.Conn.), *affd,* 132 B.R. 810 (1991). *In re Bellamy (Bellamy v. Federal Home Loan Mortgage Corporation),* 962 F.2d 176 (2d Cir.1992), which affirmed the district court decision, was decided after the entry of the order modified herein.

**2.** Although Citicorp's June 26, 1992 objection addresses the debtors' first Amended Chapter 13 Plan, the parties have agreed that it is to be considered as an objection to the instant Plan. It is further noted that paragraph 2 of the objection has been resolved. *See Brief in Support of Citicorp Mortgage Inc. Objection to Confirmation of Debtors' Plan,* unnumbered page, n. 2.

Traditionally, when a mortgagor is in default on the payments due under a note secured by a mortgage on the mortgagor's residence, the mortgagee accelerates the debt and commences foreclosure proceedings in state court. The mortgagor then seeks relief under chapter 13 in an attempt to cure the default and save the home from foreclosure. Under chapter 13, a plan may propose to cure the default by de-accelerating the debt, paying the allowed amount of the pre-petition claim and reinstating the note and mortgage, so that post-petition payments thereunder may be made. *See § 1322(b)(3) and (5). See also DiPierro v. Taddeo (In re Taddeo)*, 685 F.2d 24, 28 (2nd Cir.1982) ("... the concept of 'cure' in § 1322(b)(5) contains the power to de-accelerate. Therefore the application of that section de-accelerates the mortgage and returns it to its [original] maturity.... Alternatively, [the debtors] may first cure their default under (b)(3) and then maintain payments under (b)(5)") (citations omitted); *Landmark Financial Services v. Hall*, 918 F.2d 1150 (4th Cir.1990).

Plans that utilize that scheme generally provide for the payment of claims by two methods.[3] Payment of the allowed amount of pre-petition claims, including an arrearage owed to a secured creditor, is made *through the plan*, that is, the debtor makes monthly payments to the chapter 13 trustee, who in turn makes distributions to creditors in accordance with the plan. In addition, so-called *outside of the plan* payments, in accordance with a note and mortgage reinstated by the curing of the default under the plan, are made by the debtor directly to the holder of the secured claim.

Section 1326(a)(1) requires the debtor to commence making payments proposed by the plan within 30 days after the plan is filed. Section 1326(a)(2) provides that if a plan is confirmed, the trustee shall make a distribution of the money paid under subsection (a)(1) in accordance with the plan.

Since the typical plan does not propose to have the trustee distribute payments on post-petition claims, § 1326(a)(1) is inapplicable to such outside of the plan payments. The instant Plan follows that typical format.

With the exception of those post-petition, pre-confirmation installment payments which it claims were missed, Citicorp does not argue that payments on its reinstated note and mortgage should be paid through the Plan. The thrust of Citicorp's objection appears to be that since the debtors have failed to make two post-petition payments,[4] the cure of the default must include the amount of those missed payments. That is, a plan that proposes to cure a default and maintain payments while the case is pending cannot be confirmed unless post-petition, pre-confirmation monthly installments due under the note and mortgage are paid as a part of the cure.

3.

■ Rule 3015(b) F.R.Bankr.P. states that if a chapter 13 plan is not filed with the petition, "it shall be filed within 15 days thereafter, and such time shall not be further extended except for cause...". It is apparent then that a plan is intended to provide for pre-petition debt. Moreover, a plan is a mere proposal; it has no independent life. Therefore, no obligations are imposed upon a debtor and no rights are established in favor of a creditor under a plan unless and until it is confirmed by the court. *See* § 1327(a). Indeed, a debtor may modify a plan at any time before confirmation. *See* § 1323.

■ Although Citicorp argues that a cure under the Plan must include missed post-petition, pre-confirmation monthly payments that were due, the fact is that no such payments were due after Citicorp exercised its pre-petition right under the note and mortgage to accelerate payments. Indeed, it is the debtors' Plan which seeks to

---

**3.** Code § 1326(c) provides
[e]xcept as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.

**4.** Since this case commenced under chapter 7, it is assumed that Citicorp is referring to payments missed after the conversion to a case under chapter 13.

**336**

cure the default so that future monthly installments can be paid. *See DiPierro v. Taddeo (In re Taddeo), supra,* 685 F.2d at 28.

Citicorp filed a proof of claim as a secured creditor in the amount of its claimed pre-petition arrearage. The Plan proposes to cure the default by paying Citicorp's pre-petition claim through the Plan, *see* Plan ¶ 2.b.1, and then paying future monthly installments due under the reinstated mortgage and note outside of the Plan, *see* Plan ¶ 2.c. Since the § 1322(b)(5) provision for curing defaults is linked to the provision for the "maintenance of payments while a case is pending", it follows that unless Citicorp's note and mortgage are reinstated, there can be no maintenance of payments. Since the Plan which proposes to cure the default and maintain payments must await confirmation, Citicorp has no right to such payments until that time.

For the foregoing reasons, Citicorp's objection to the debtors' Second Amended Chapter 13 Plan is overruled, the Second Amended Chapter 13 Plan is confirmed, and IT IS SO ORDERED.